IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDERICK DEMON DEAN, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>)<br>ERIC TICE; )<br>ATTORNEY GENERAL OF )<br>PENNSYLVANIA; DISTRICT )<br>ATTORNEY OF ERIE COUNTY, )<br>PENNSYLVANIA, )<br>)<br>Respondents ) | Case No. 1:18-cv-00373 (Erie)<br><br>RICHARD A. LANZILLO<br>UNITED STATES MAGISTRATE JUDGE<br><br><br>OPINION AND ORDER ON<br>PETITION FOR WRIT OF HABEAS<br>CORPUS (ECF No. 5) |

Before the Court is a petition for a writ of habeas corpus filed by state prisoner Frederick Demon Dean (Dean) under 28 U.S.C. § 2254. ECF No. 3. He is challenging the judgment of sentence imposed on him by the Court of Common Pleas of Erie County, Pennsylvania at its criminal docket number CP-25-CR-0003379-2014. Respondents argue that Dean's petition contains unexhausted claims and should be dismissed as a "mixed petition" under *Rose v. Lundy*, 455 U.S. 509 (1982). ECF No. 14, p.5. In the alternative, Respondents contend that two of Dean's claims are procedurally defaulted and that the remaining two claims should be dismissed on the merits. *Id.* For the reasons discussed herein, the Court denies each of Dean's claims for relief and dismisses his Petition with prejudice.

I. Factual and Procedural Background

A. The Underlying Offense

The Court takes the following factual and procedural background from the Pennsylvania Superior Court's opinion addressing Dean's direct appeal from his conviction and sentence:

> Dean appeals from the judgment of sentence entered in the Court of
> Common Pleas of Erie County on August 17, 2015, after a jury

1

found him guilty of one count each of persons not to possess firearms, firearms not to be carried without a license, possession of a controlled substance, possession of drug paraphernalia, resisting arrest, and possessing instruments of crime.1 The trial court sentenced appellant to an aggregate term of imprisonment of 81 to 168 months. We affirm.

The record reflects that shortly before 9:00 p.m. on August 26, 2014, SWAT officers on a vehicle patrol detail observed appellant walking northbound on a sidewalk in the 1100 block of Wayne Street in Erie. (Notes of testimony, 6/16/15 at 31–34.) The sidewalk runs alongside the parking lot of TJ's bar. (Id.) The officers observed appellant walking toward a house located next to that parking lot. (Id.) Immediately after the patrol vehicle passed appellant, officers heard a gunshot coming from the direction where they had just observed appellant. (Id. at 35.) No other individuals were in the area. (Id. at 35–36.) The officers stopped the cruiser, exited, and began looking for appellant. (Id. at 36.) The officers then found a gun in the backyard of the house that they observed appellant walking toward. (Id.) A grass strip measuring approximately 10 to 15 feet separates the parking lot of TJ's bar from that particular house. (Id. at 34.) The officers then went into TJ's bar to look for appellant. (Id. at 39–40). The bartender told the officers that appellant was in the back of the kitchen hiding in a closet. (Id. at 41.) The officers found appellant sitting in a utility closet. (Id. at 43.) The utility closet contained a sink. (Id.) Appellant was completely wet. (Id.) Officers instructed appellant to show them his hands. (Id. at 43.) Appellant refused and began kicking the officers. (Id.) Appellant was tased and then taken into custody. (Id. at 43–44.) During this incident, appellant, without provocation, stated, "I wasn't shooting at you guys. If this goes away[,] I'll give you whatever you want. I know several drug dealers from Detroit." (Id. at 45.)

Surveillance footage corroborated law enforcement's version of events. (Notes of testimony, 6/17/15 at, 33–28; 60–74.) It also revealed that appellant was wearing a hat when police officers initially observed him prior to the shot being fired. When he entered TJ's bar, however, appellant was no longer wearing the hat. Surveillance footage established that prior to entering TJ's bar, appellant walked into the area where the gun was found and made a "throwing motion" over a 6–foot stockade fence. Officers subsequently recovered the hat on the ground on the other side of the stockade fence from where officers observed appellant making the "throwing motion." A baggie of heroin was tucked inside the hat. (Id.)

*Commonwealth v. Dean*, 2016 WL 6805459, at *1 (Pa. Super. Ct. Nov. 17, 2016).

2

B.        Proceedings in State Court

In Dean's appeal from the denial of post-conviction relief, the Superior Court recounted the proceedings in state court:

> Dean was subsequently arrested and charged with two counts of attempted aggravated assault and recklessly endangering another person ("REAP"), and one count each of persons not to possess firearms, carrying a firearm without a license, resisting arrest, possession of an instrument of crime ("PIC"), possession of controlled substances, and possession of drug paraphernalia.2 His case proceeded to a jury trial, and on June 17, 2015, he was acquitted of the attempted aggravated assault and REAP charges, but convicted of the remaining offenses. Dean filed a pro se post-verdict motion while he was still represented by counsel, which the court did not consider. On August 17, 2015, Dean was sentenced to a term of 60 to 120 months' imprisonment for persons not to possess firearms, a consecutive term of 12 to 24 months' imprisonment for possession of controlled substances, and a consecutive term of nine to 24 months' imprisonment for resisting arrest. The court imposed concurrent sentences on the remaining charges.
>
> Thereafter, Dean filed a pro se post-sentence motion on August 28, 2015, a waiver of counsel on August 31, 2015, and a pro se notice of appeal on September 10, 2015. On March 18, 2016, upon Dean's request for the appointment of counsel, this Court remanded the appeal for a determination of whether trial counsel abandoned Dean on appeal, and, if so, for the appointment of new counsel. Following a colloquy in the trial court, trial counsel was permitted to withdraw and new counsel was appointed. The only claim raised on direct appeal was a challenge to the sufficiency of the evidence supporting his firearms and PIC convictions. A panel of this Court affirmed, concluding the issue was waived because it was undeveloped in the appellate brief. See Dean, supra, 159 A.3d 590 [2016 WL 6805459 at *2] ). However, Judge Jenkins filed a concurring statement, joined by Judge Lazarus, in which she found that even if the issue were not waived, Dean's sufficiency argument was meritless. See id. at *2-*3. As noted supra, the Pennsylvania Supreme Court later denied Dean's petition for allowance of appeal.
>
> On August 2, 2017, Dean filed this timely PCRA petition, pro se. On August 28, 2017, the PCRA court conducted a Grazier3 hearing because Dean indicated his desire to proceed without counsel. The next day, the court entered an order, concluding Dean's waiver of counsel was knowing and voluntary.4 Thereafter, on October 11, 2017, the PCRA court issued notice of its intent to dismiss Dean's petition without first conducting an evidentiary hearing pursuant to

3

          Pa. R. Crim. P. 907. Dean filed three pro se responses to the court's
          Rule 907 notice. Nevertheless, on November 9, 2017, the PCRA
          court entered an order denying relief.

*Commonwealth v. Dean*, 2018 WL 4102824, at *2 (Pa. Super. Ct. Aug. 29, 2018). The Superior Court affirmed the denial of post-conviction relief on August 29, 2018. *See id.* Dean did not seek permission to appeal to the Supreme Court of Pennsylvania.

      C.      Proceedings in Federal Court

      Dean filed the instant petition for a writ of habeas corpus with this Court on December 19, 2018. ECF No. 3. This Court entered an order directing the Office of the District Attorney of Erie County to enter an appearance and to file an answer to Dean's petition. ECF No. 3.[1] On May 1, 2019, the District Attorney's office filed a Response to Dean's petition. ECF No. 14. Copies of the relevant state appellate filings were provided that same day. *Id.* A copy of the state court record was filed with our Clerk of Court on May 17, 2019. ECF No. 15. Dean did not file a reply. The petition is, therefore, ready for disposition. The parties have consented to the jurisdiction of a United States Magistrate Judge. *See* 28 U.S.C. §636(c)(1). ECF No. 4; ECF No. 13.

II.      Petitioner's Claims

      Dean's habeas petition raises four grounds for relief. ECF No. 3. First, he brings an ineffective assistance of counsel claim, alleging violation of his rights under various amendments to the Constitution. ECF No. 3, p. 5. Dean's second ground for relief is a claim of prosecutorial and police misconduct relating to gunshot residue (GSR) testing on various pieces of evidence. *Id.* at p. 7. The third ground for relief alleges violations of Dean's rights under the Fourth, Fifth, and Fourteenth Amendments as his conviction rests on insufficient evidence . *Id.* at p. 9. Finally,

---

[1] This matter was stayed between January 22, 2019 and February 27, 2019, because of a lapse in appropriations and federal government shutdown. *See* ECF No. 6.

Dean's fourth ground for relief is a claim of actual innocence. *Id.* at 10-11. He contends that all of these claims were properly exhausted in state court. *Id., generally*.

The Respondents disagree. They argue Dean failed to present his second and fourth grounds for relief to the state courts on either direct appeal or in post-conviction proceedings. ECF No. 14, p. 4. Respondents do not contest the exhaustion of the first and third grounds. *Id.* p. 4-5. Thus, they argue, Dean has a presented a "mixed petition," all of which should be dismissed under relevant Supreme Court precedent. If the entire petition is not dismissed, Respondents assert that the two unexhausted claims are procedurally barred. *Id.* at 5.

III.  The Habeas Corpus Legal Standard

Habeas corpus is an "'extraordinary remedy' reserved for defendants who were 'grievously wronged' by the criminal proceedings." *Dunn v. Colleran*, 247 F.3d 450, 468 (3d Cir. 2001) (quoting *Calderon v. Coleman*, 525 U.S. 141, 146 (1998)). In enacting the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress "significantly limited the federal court's power to grant a writ of habeas corpus." *Tolbert v. Ferguson*, 2019 WL 4677357 at *2 (E.D. Pa. Aug. 8, 2019). Under § 2254, a district court may entertain an application for a writ of habeas corpus filed by a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2254(a). Federal courts also must give considerable deference to determinations made by state trial and appellate courts. *See Renico v. Lett*, 599 U.S. 766, 772 (2010). Thus, if a claim presented in a § 2254 petition has been adjudicated on the merits in state court proceedings, habeas relief cannot be granted unless:

> the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d). Thus, it is the habeas petitioner's burden to show that the state court's decision was contrary to or an unreasonable application of United States Supreme Court precedent or an unreasonable determination of the facts. *Moreno v. Ferguson*, 2019 WL 4192459, at *3 (W.D. Pa. Sept. 4, 2019).

The United States Court of Appeals for the Third Circuit has emphasized the heavy burden habeas petitioners bear: "even 'clear error'" by the state courts "will not suffice." *Orie v. Sec. Pa. Dept. of Corrections*, 940 F.3d 845, 850 (3d Cir. 2019). Rather, the state court must be wrong "beyond any possibility for fair-minded disagreement." *Id.* (citations and some internal quotations omitted). Moreover, the factual determinations of the state courts are presumed correct. *See* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.").

IV. Rules Governing Review of Petitions for Habeas Corpus

As the Court of Appeals for the Third Circuit explained,

> Undergirding federal habeas law is an extensive procedural framework that limits when and how a petitioner may raise post-conviction claims for relief and which claims are reviewable in federal court. Concerns of federalism, comity, and finality shape this complex framework and have required [courts] to generate specific rules for when a petitioner's claim may be adjudicated on the merits.

*Mathias v. Superintendent Frackville SCI*, 876 F.3d 462, 465 (3d Cir. 2015). Among the "specific rules" relevant to the resolution of Dean' claims are those of timeliness and exhaustion.

A. Timeliness

Before the Court can address the merits of Dean' petition, it must first decide whether it was timely filed. *Romansky v. Superintendent Green SCI*, 933 F.3d 293, 298 (3d Cir. 2019). Pursuant to AEDPA, a state prisoner must file his federal habeas claims within one year of the date his judgment of sentence became final. 28 U.S.C. § 2244(d)(1)(A). Because he did not file a petition for a writ of

certiorari with the United States Supreme Court, Dean's sentence became final for purposes of the one-year PCRA statute of limitations and the one-year federal habeas statute of limitations on August 30, 2017, which was 90 days after the Pennsylvania Supreme Court denied him permission to appeal. *See* State Court docket.[2] *See also* 28 U.S.C. § 2244(d)(1)(A) (the one-year federal limitations period generally begins on the date the petitioner's judgment of sentence became final "by the conclusion of direct review or the expiration of the time for seeking such review"). When Dean filed his PCRA petition on July 31, 2017, the one-year habeas statute was "immediately tolled." *Nelson v. Superintendent of SCI-Retreat*, 2019 WL 897296 *2 n.4 (E.D. Pa. Jan. 31, 2019). At that point, only sixty days of the limitations period had expired. Dean's PCRA petition remained pending in the state court system until August 29, 2018, when the Pennsylvania Superior Court affirmed the PCRA court's denial of relief. *See* State Court docket. He did not seek review by the Supreme Court of Pennsylvania. *Id.* At that point, Dean had three hundred and thirty-five day remaining on the AEDPA clock, making his habeas petition due on or before July 30, 2019. Because Dean filed the instant § 2254 petition on December 3, 2018, it is timely.

      B.      Exhaustion and Procedural Default

As a general matter, a federal district court may not consider the merits of a habeas petition unless the petitioner has "exhausted the remedies available" in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A petitioner satisfies the exhaustion requirement "only if [the petitioner] can show that [he or she] fairly presented the federal claim at each level of the established state-court system for review." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004). The purpose of the exhaustion requirement is to "give the state courts a full and fair

---

[2] The dates used to determine the timeliness of Dean's petition are taken directly from the Common Pleas, Superior Court, and Supreme Court of Pennsylvania's publicly available dockets. *See* https://ujsportal.pacourts.us/CaseInformation.aspx (last visited May 19, 2020) (referred to here as "State Court Docket.").

opportunity to resolve federal constitutional claims before those claims are presented to the federal courts … by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

To "fairly present" a claim for exhaustion purposes, the petitioner must advance the claim's "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Bennett v. Superintendent Graterford SCI*, 886 F.3d 268, 280 (3d Cir. 2018) (quoting *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)). A petitioner may exhaust a federal claim either by raising it on direct appeal or presenting it in post-conviction PCRA proceedings. *O'Sullivan*, 526 U.S. at 845. Either way, the petitioner must present his federal constitutional claims "to each level of the state courts empowered to hear those claims." *Id.* at 847 ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"). "Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied." *Stoss v. Estock*, 2019 WL 2160464, at *3 (M.D. Pa. May 17, 2019) (citing *Castille v. Peoples*, 489 U.S. 346, 350 (1989)).

When a petition presents both exhausted and unexhausted claims, it is considered a "mixed petition." Under the "total exhaustion rule," a mixed habeas petition should be dismissed without prejudice. *See, e.g.*, *Williams v. Metzger*, 2019 WL 96250, at *3 (D. Del. Jan. 3, 2019) (citing *Lambert v. Blackwell*, 134 F.3d 506, 513(3d Cir. 1997)). Before dismissing a mixed petition without prejudice, however, the Court typically provides the petitioner with an opportunity to withdraw the unexhausted claims and proceed with the exhausted claims. *See, e.g.*, *Philhower v. Pierce*, 2017 WL 3275732, at *2 (D. Del. Aug. 1, 2017). But "a petition containing unexhausted but procedurally barred claims in addition to exhausted claims is not a mixed petition requiring dismissal under *Rose*." *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993); *Castille v. Peoples*, 489 U.S. 346, 351 (1989). *See also*

8

*Ludovici v. Lamas*, 2017 WL 9807115, at *6 (M.D. Pa. Oct. 18, 2017), *report and recommendation adopted*, 2018 WL 1919028 (M.D. Pa. Apr. 24, 2018).

An important corollary to the exhaustion requirement is the doctrine of procedural default. "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of those claims "in the first instance." *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). Procedural default intertwines with exhaustion in this way: when a claim has never been "'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied" because of the lack of available state process, but the claims "are considered to be procedurally defaulted." *McKenzie v. Tice*, 2020 WL 1330668, at *5 (M.D. Pa. Mar. 23, 2020) (quoting *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)). Such claims may not ordinarily be reviewed by a federal court. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) ("[A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule.") (citations omitted).

Several caveats exist. First, "[a] state procedural rule can preclude federal habeas corpus review" only when the state rule is "independent of the federal question [presented] and adequate to support the judgment." *McKenzie*, 2020 WL 1330668, at *5 (quoting *Leyva v. Williams*, 504 F.3d 357, 365 (3d Cir. 2007)). A rule is "independent" if it is not "'so interwoven with federal law' that it cannot be said to be independent of the merits of a petitioner's federal claims." *Id.* (quoting *Johnson v. Pinchak*, 392 F.3d 551, 557 (3d Cir. 2004)). A rule is "adequate" if it was "firmly established, readily ascertainable, and regularly followed at the time of the purported default." *Leyva*, 504 F.3d at 366 (quoting *Szuchon v. Lehman*, 273 F.3d 299, 372 (3d Cir. 2001)).

9

Second, a petitioner can overcome procedural default, thereby permitting federal court review, if the petitioner can establish either: (1) "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law; or (2) that the failure to consider the claims will create a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. To show cause and prejudice, the petitioner must show some objective factor external to the defense that impeded counsel's efforts to comply with a state procedural rule. *Slutzker v. Johnson*, 393 F.3d 373, 381 (3d Cir. 2004) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To establish a fundamental miscarriage of justice, a habeas petitioner must typically show actual innocence. *Schlup v. Delo*, 513 U.S. 298, 324-26 (1995). With these standards and rules in mind, the Court now turns to a discussion of Dean' claims.

V.     Analysis and Discussion

    A.     The Petition will not be dismissed as a mixed petition because Claims Two and Four, although unexhausted, are procedurally defaulted.

Respondents correctly note that Dean's second and fourth grounds for relief are not exhausted. The Superior Court's decision on Dean's direct appeal shows that he raised the following issue:

> [Whether] the evidence in this case was insufficient to prove the crimes of possession of an instrument of crime and firearms not to be carried without a license as the evidence failed to establish that [appellant] was in possession of the handgun that was entered as evidence in this case.

*Commonwealth v. Dean*, 2016 WL 6805459, at *2 (Pa. Super. Ct. Nov. 17, 2016) (citing Appellant's brief at 2). This was the only issue raised on direct appeal and in no way references Dean's claim of police or prosecutorial misconduct (Ground Two). Nor does the lone issue raised on direct appeal embrace Dean's contention of actual innocence (Ground Four). Although Dean's post-conviction petition includes one passing, unsupported allegation of "prosecutorial misconduct," the Superior Court concluded that Dean had not preserved the issue on appeal from the denial of his post-conviction petition:

10

>Consequently, the only claims preserved for appeal, which were also raised in Dean's pro se PCRA petition, are the following: (1) the evidence presented at trial was insufficient to support his convictions, and certain evidence presented by the Commonwealth was not credible; (2) trial counsel was ineffective for failing to "use the surveillance and G.S.R. [gunshot residue] testimony" of his clothing; and (3) direct appeal counsel was ineffective for failing to cite any pertinent authority in the appellate brief, thereby resulting in waiver of his sufficiency claim on appeal.

*Commonwealth v. Dean*, 2018 WL 4102824, at *3 (Pa. Super. Ct. Aug. 29, 2018). He stated no claim of actual innocence.[3] Thus, Dean's habeas claims of prosecutorial or police misconduct and actual innocence were not raised in post-conviction proceedings or "fairly presented" to the state court. They are therefore unexhausted for purposes of habeas relief. Dean's remaining claims of ineffective assistance of counsel (Ground One) and insufficient evidence (Ground Three) were presented to the state court and are exhausted.

Although technically a mixed petition, it will not be dismissed on that basis because Grounds Two and Four are procedurally defaulted. Given the passage of time and the fact that Dean has already pursued both a direct appeal and a PCRA action, any unexhausted claim by him has been procedurally defaulted in state court. *See, e.g.*, *White v. Glunt*, 2017 WL 2672309, at *3 (M.D. Pa. June 21, 2017). Procedural default can be excused only if a petitioner can show "cause" and "prejudice" or that a "fundamental miscarriage of justice" would result. *Woodring v. Giroux*, 2016 WL 3615262, at *3 (M.D. Pa. July 6, 2016) (citing *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000)).

---

[3] Dean's PCRA petition does, at one point, state the words "actual innocence." *See* ECF No. 14-12, p. 4. However, that is the only mention of the claim in the entire petition. Likewise, in a document entitled "Attachment to Petitioner's Response to the Commonwealth's Response of Petitioner's Post-conviction Collateral Relief," Dean uses the phrase "prosecutorial misconduct" as a heading for a subsequent discussion of evidentiary issues, including Dean's arguments relating to chain of custody problems, a lack of GSR testing, and "negligence." *See* ECF No. 14-18, p. 4. These scant references cannot fairly present these claims to the state courts in the first instance. *See, e.g.*, *Smith v. Wetzel*, No. CV 13-2410, 2016 WL 8761773, at *16 (E.D. Pa. June 30, 2016), *report and recommendation adopted*, 2017 WL 1397253 (E.D. Pa. Apr. 18, 2017) (citing *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.")).

Because Dean failed to offer any viable explanation as to why he did not include his procedurally defaulted grounds for relief on direct appeal or in his PCRA appeal, he has failed to establish cause and resulting prejudice for his procedurally defaulted argument. There is also no basis for a finding that a fundamental miscarriage of justice would result if those claims were not addressed on their merits. Thus, Grounds Two and Four are procedurally defaulted and will be dismissed.

      B.      Ground One Will Be Dismissed.

Burton brings a claim of ineffective assistance of counsel as his first ground for relief. ECF No. 3, p. 8. He bases his claim on number actions or inactions of his trial counsel including counsel's failure to 1) move to suppress statements by police defendants, 2) move to suppress video-recorded evidence, as well as evidence of drugs and a gun, and 3) investigate the gun, hat, and clothes for GSR and fingerprints, and 4) cite authorities in his appellate brief. *Id.* at 9-10. Dean also alleges PCRA counsel's ineffectiveness for failing to amend his PCRA petition. *Id.* at pp, 4, 9-10.

Where state courts have ruled on the merits of a habeas petitioner's claim, federal courts defer under the Antiterrorism and Effective Death Penalty Act (AEDPA) to the "last reasoned decision." *Abdul-Salaam v. Secretary of Pennsylvania Department of Corr.,* 895 F.3d 254, 265 (3d Cir. 2018) (citation omitted). Here, that decision is the Superior Court's opinion on Dean's post-conviction appeal. *Dean*, 2018 WL 4102824, *supra.* Dean will be granted relief only if this decision "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d).

As concerns Dean's claims of ineffective assistance of counsel, the Superior Court determined that Dean only preserved a claim about these specific allegations: counsel's failure to "use the surveillance and G.S.R. [gunshot residue] testimony of this clothing," and appellate counsel's failure "to cite any pertinent authority in the appellate brief, thereby resulting in waiver of his sufficiency claim on appeal." *Dean*, 2018 WL 4102824 at *3-4 (citing 42 Pa. C.S.A. § 9543(a)(3)).

12

Thus, Dean failed to preserve claims that trial counsel was ineffective for not moving to suppress statements by police defendants, video-taped evidence, as well as evidence of drugs and a gun, are procedurally defaulted. *See, e.g.*, *Himchak v. PA*, 2020 WL 1151456, at *5 (M.D. Pa. Mar. 10, 2020); *see also Sanches v. Clark*, 2020 WL 531942, at *6 (W.D. Pa. Feb. 3, 2020). The Pennsylvania PCRA's waiver rule is an independent and adequate state court rule rendering these claims procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S. Ct. 2546, 2554 (1991), *holding modified by Martinez v. Ryan*, 566 U.S. 1, 132 S. Ct. 1309 (2012); *Williams v. Sauers*, 2015 WL 787275, at *2 (E.D. Pa. Feb. 25, 2015). Besides being procedurally defaulted, the stand-alone claim that PCRA counsel was ineffective for not amending his PCRA petition is not a cognizable bases for habeas relief. *See* 28 U.S.C. § 2254(i). *See also Jackson v. McGinley, et al.*, 2020 WL 2512760, *1 (E.D. Pa. May 15, 2020).

As to the other ineffectiveness claims, the Superior Court set forth the following standard of review:

> In order to obtain relief under the PCRA premised upon a claim that counsel was ineffective, a petitioner must establish beyond a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). When considering such a claim, courts presume that counsel was effective, and place upon the [petitioner] the burden of proving otherwise. Counsel cannot be found ineffective for failure to assert a baseless claim. To succeed on a claim that counsel was ineffective, [the petitioner] must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him … Moreover, we presume counsel provided effective assistance, and place upon the appellant the burden of proving otherwise.

*Id.* at *3 (quoting *Commonwealth v. Michaud*, 70 A.3d 862, 867 (Pa. Super. 2013) (case citations and some quotation marks omitted). Pennsylvania courts are presumed to apply clearly established federal law and the decisions of those courts are due the substantial deference required by 28 U.S.C. § 2254(d). *See, e.g.*, *Munoz v. Palakovich*, 2006 WL 4705551, *11. The Superior Court applied the

Pennsylvania test for ineffective assistance derived from *Commonwealth v. Michaud*, 70 A.2d 800, 802 (Pa. Super. Ct. 2003)), which federal courts have found to be materially identical to the *Strickland* test. *Werts v. Vaughn*, 228 F.3d 178, 203 (3d Cir. 2000). *See also Grant v. Wilson*, 2008 WL 2191834, *1, 282 Fed. Appx. 138 (3d Cir. 2008). Thus, the Superior Court did not apply a rule of law that contradicts established Supreme Court precedent and therefore its decision was not contrary to clearly established Supreme Court precedent. *See, e.g.*, *Grant*, 2008 WL 2191834, *1, 282 Fed. Appx. 138; *Tyma v. District Atty. Of Allegheny Cty.*, 2019 WL 7207302, *8 (W.D. Pa. Dec. 27, 2019). *See also Sanches v. Clark*, 2020 WL 531942, at *8 (W.D. Pa. Feb. 3, 2020). Dean does not argue otherwise.

Additionally, not every "error by counsel, even if professionally unreasonable, … warrant[s] setting aside the judgment of a criminal proceeding." *Id.* at 691, 104 S. Ct. 2052. "Even if a defendant shows that particular errors of counsel were unreasonable … the defendant must show that they actually had an adverse effect on the defense;" in other words, the habeas petitioner must show that he was prejudiced by counsel's deficient performance. *Id.* at 693, 104 S. Ct. 2052. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. 2052.

As to Dean's claim of ineffectiveness about the surveillance and lack of GSR testing, the Superior Court found a lack of support in the record for "allegations that the video was edited, or that the police tested his clothing for gunshot residue." *Dean*, 2018 WL 4102824, *4. The Superior Court found Dean's "bald assertions" insufficient to state a claim of ineffectiveness. *Id.* "[B]ald assertions and conclusory allegations" cannot establish an ineffective assistance of counsel claim. *See Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010). This Court has reviewed the state court record and concludes likewise. No evidence supports Dean's belief that video of the surveillance was

14

doctored or edited in some prejudicial fashion, or the police tested various pieces of clothing for G.S.R. and failed to release results favorable to him.  Thus, absent more information, Dean has not shown that trial counsel was deficient for failing to not raise these issues.  *See Dean*, 2018 WL 4102824, *4.  The Court, therefore, cannot conclude that Dean was prejudiced by any alleged ineffectiveness of counsel.   Thus, his ineffective assistance claim has no merit.

The Superior Court also determined that although appellate counsel's "failure to cite any authority in the appellate brief, resulting in waiver of this issue … was of arguable merit," Dean had still failed to show how he was prejudiced by this omission.  *Id.*  Noting that two of three Superior Court judges in Dean's direct appeal determined that his sufficiency claim (challenging counsel's failure to cite any authority in support) lacked merit in any event, the Superior Court on PCRA appeal concluded that Dean could not establish prejudice.  *See, e.g.*, *Luster v. Commonwealth of Pennsylvania*, 2017 WL 623538, at *8 (W.D. Pa. Feb. 14, 2017) (concluding in the alternative that petitioner was not prejudiced by counsel's failure to cross-examine a witness given "the overwhelming evidence of petitioner's guilt.").  In a concurring opinion joined by Judge Anne E. Lazarus, Superior Court Judge Patricia H. Jenkins concluded that

> [Dean] does not contest that the Commonwealth presented evidence to support each of his convictions, he only contests that the Commonwealth presented sufficient evidence of his identity because the authorities did not conduct fingerprint or residue analysis on the gun or on Appellant and the surveillance footage did not positively show him shooting the gun.
> As the majority notes, the surveillance footage corroborated police officers' testimony that Appellant was the perpetrator of the crimes he committed. Viewing this evidence in the light most favorable to the Commonwealth, there is sufficient evidence to enable the jury to find, beyond a reasonable doubt, that [Dean] committed the crimes for which he was convicted.

*Commonwealth v. Dean*, 2016 WL 6805459, at *3 (Pa. Super. Ct. Nov. 17, 2016).  Dean has not demonstrated that this determination involved an unreasonable application of *Strickland*, or rested on

15

an unreasonable determination of the facts. At trial, the record reflects ample evidence that Dean was the perpetrator of the underlying offense.

For example, Patrolman Daniel Ryan Shields testified that just after seeing Dean walk toward a house located next to the parking lot for TJ's tavern, police officers heard gunshots coming from Dean's direction. *See* ECF No. 14-25, pp. 35-36. No one else was in the vicinity of the gunshots. *Id.* A gun was found in the house they observed Dean approaching. *Id.* The police entered the neighboring bar and asked the bartender if he had seen Dean. The bartender directed the police to a utility closet in the back of the kitchen were Dean was hiding. *Id.* at 41. The police located Dean in the closet, which contained a sink. *Id.* at 43. The officers noted that Dean's hands were wet. *Id.* When asked to show his hands, Dean began kicking the officers instead. *Id.* Dean was quickly taken into custody. *Id.* at 43-44. Unprovoked, Dean told the arresting officers, "I wasn't shooting at you guys. If this goes away [,] I'll give you whatever you want. I know several drug dealers from Detroit." *Id.* Video surveillance footage corroborated this testimony, including footage of Dean disposing of the baseball hat he was wearing when first observed by the police. *Id.* His hat contained a quantity of heroin. *Id.* at 60-74. Given this record, this Court agrees that there was ample evidence from which a jury could find, beyond a reasonable doubt, that Dean committed the underlying offenses. Thus, he was not prejudiced by any alleged deficiency in in his counsel's representation.

      C.      Ground Three Will Be Dismissed.

At Ground Three, Dean claims violations of his rights under the Fourth, Fifth, and Fourteenth Amendments based on the insufficiency of the evidence on which his conviction rests. ECF No. 3, p. 9. Specifically, he asserts the Commonwealth lacked evidence sufficient to identify him as the perpetrator of the underlying offenses. *See Dean*, 2016 WL 6805459, *4.

Principles of due process dictate that a person can be convicted only upon proof of all the elements of the offense beyond a reasonable doubt. *In re Winship,* 397 U.S. 358, 364 (1970); *Sullivan v. Cuyler,* 723 F.2d 1077, 1083-84 (3d Cir. 1983); *see also Jackson v. Virginia,* 443 U.S. 307, 324 (1979) (habeas relief available only where "no rational trier of fact could have found guilt beyond a reasonable doubt"). So in reviewing challenges to the sufficiency of the evidence, a court must determine "whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Sullivan,* 723 F.2d at 1083-84 (quoting *Jackson,* 443 U.S. at 319) (emphasis in original). Applying this standard under the habeas statute, a writ of habeas corpus may be issued for evidentiary insufficiency only if the state courts have unreasonably applied either the *Jackson* "no rational trier of fact standard," or the state equivalent of the *Jackson* standard. 28 U.S.C. § 2254(d)(1); *see also Smith v. Vaughn,* 1997 WL 338851, at *7 (E.D. Pa. June 17, 1997). Pennsylvania courts follow the *Jackson* rule. *See Commonwealth v. Trill,* 543 A.2d 1106, 1112 (Pa. Super. 1988) (verdict will be upheld if, "viewing the evidence in the light most favorable to the Commonwealth, and drawing all reasonable inferences favorable to the Commonwealth, there is sufficient evidence to find every element of the crime beyond a reasonable doubt") (quoting *Commonwealth v. Griscavage,* 517 A.2d 1256, 1257 (Pa. 1986)).

In addressing Dean's case on direct appeal, the Superior Court adopted the reasoning of the trial court in concluding that the evidence was sufficient to support the conviction:

> The record reflects that shortly before 9:00 p.m. on August 26, 2014, SWAT officers on a vehicle patrol detail observed [Dean] walking northbound on a sidewalk in the 1100 block of Wayne Street in Erie. The sidewalk runs alongside the parking lot of TJ's bar. The officers observed [Dean] walking toward a house located next to that parking lot. Immediately after the patrol vehicle passed [Dean], officers heard a gunshot coming from the direction where they had just observed [Dean]. No other individuals were in the area. The officers stopped

17

> the cruiser, exited, and began looking for [Dean]. The officers then found a gun in the backyard of the house that they observed [Dean] walking toward. A grass strip measuring approximately 10 to 15 feet separates the parking lot of TJ's bar from that particular house.
>
> The officers then went into TJ's bar to look for [Dean]. The bartender told the officers that [Dean] was in the back of the kitchen hiding in a closet. The officers found [Dean] sitting in a utility closet. The utility closet contained a sink. [Dean] was completely wet. Officers instructed [Dean] to show them his hands. [Dean] refused and began kicking the officers. [Dean] was tased and then taken into custody. During this incident, [Dean], without provocation, stated, "I wasn't shooting at you guys. If this goes away[,] I'll give you whatever you want. I know several drug dealers from Detroit."
>
> Surveillance footage corroborated law enforcement's version of events. It also revealed that [Dean] was wearing a hat when police officers initially observed him prior to the shot being fired. When he entered TJ's bar, however, [Dean] was no longer wearing the hat. Surveillance footage established that prior to entering TJ's bar, [Dean] walked into the area where the gun was found and made a "throwing motion" over a 6–foot stockade fence. Officers subsequently recovered the hat on the ground on the other side of the stockade fence from where officers observed [Dean] making the "throwing motion." A baggie of heroin was tucked inside the hat.

*See* ECF No. 14-6, at p.1 (trial court); *Dean* 2018 WL 4102824, *1-2 (Superior Court) (citations omitted). Of particular note here is Dean's admission that he possessed and discharged a gun. Thus, the state court decision is neither contrary to, nor an unreasonable application of, the *Jackson* sufficiency standard. *Supra*. Considering this evidence in the light most favorable to the Commonwealth, the prosecution met its burden to establish that Dean was the perpetrator of the offenses. Through the testimony of the eyewitness and corroborating video footage, and based on Dean's own admission, the Commonwealth identified Dean as the perpetrator. As such, the Superior Court reasonably concluded that the evidence was sufficient to identify Dean. Thus, this ground for relief will be dismissed.

VI.     Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from … the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Applying that standard here, jurists of reason would not find it debatable whether Dean's claims should be dismissed because lack merit or are procedurally defaulted. For these reasons, the Court will not issue a certificate of appealability.

V.      Conclusion

For the reasons set forth above, Dean's Petition for a Writ of Habeas Corpus is dismissed, and no certificate of appealability should issue. An appropriate order follows.


ORDER

AND NOW, this 1st day of June, 2020, for the reasons set forth in the Memorandum filed contemporaneously, IT IS HEREBY ORDERED that Petitioner Frederick Demon Dean's claims for federal habeas corpus relief are DISMISSED with prejudice and a certificate of appealability is

19

DENIED as to each claim. The Clerk of Court is directed to mark this case CLOSED as of this date.

_____
RICHARD A. LANZILLO
United States Magistrate Judge

DENIED as to each claim. The Clerk of Court is directed to mark this case CLOSED as of this date.

_____
RICHARD A. LANZILLO
United States Magistrate Judge